```
          IN THE UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION
```

**JOHN A. ORTLAND**                                              **PLAINTIFF**

**VERSUS**                                    CAUSE NO.1:07cv1075HSO-LG-RHW

**HARRISON COUNTY, MISSISSIPPI,**
**HARRISON COUNTY SHERIFF'S DEPARTMENT**
**GEORGE PAYNE, Individually, and in**
**his official capacity as Harrison County**
**Sheriff, RICK GASTON, individually and**
**in his official capacity,**
**DIANE GASTON-RILEY, in her official**
**capacity with the HARRISON COUNTY**
**SHERIFF'S DEPARTMENT, and individually,**
**HARRISON COUNTY BOARD OF SUPERVISORS,**
**AMERICAN CORRECTIONAL ASSOCIATION,**
**HEALTH ASSURANCE, LLC, AND**
**UNKNOWN DEFENDANTS 1-10**                                    **DEFENDANTS**

## ANSWER OF HARRISON COUNTY TO SECOND AMENDED COMPLAINT

COMES NOW Harrison County, Mississippi, through its duly constituted and elected Board of Supervisors (hereafter "Harrison County") through its attorney of record, and files this its separate Answer to the Second Amended Complaint presented against it, and shows the following:

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which this Court can grant relief.

### SECOND AFFIRMATIVE DEFENSE

Defendant Harrison County, acting through its Board of Supervisors, is exempt as a governmental entity and its employees pursuant to <u>Miss. Code Annotated</u> §11-46-9, et. seq., specifically sections 1(b), (c), (d),(f), (g), and (m).

### THIRD AFFIRMATIVE DEFENSE

Harrison County claims sovereign immunity for any damages by Plaintiff, as made and provided in <u>Miss. Code Annotated</u> §11-46-1, et. seq.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to give notice of his claim pursuant to <u>Miss. Code Annotated</u> §11-46-11, et. seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint is subject to the exclusive remedy provisions of §11-46-7 of the 1972 <u>Miss. Code Annotated</u>. (Supp. 1996).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint is barred pursuant to the statute of limitations set forth in §11-46-11 of the 1972 <u>Miss. Code Annotated</u> (Supp. 1996), and any other pertinent statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Second Amended Complaint does not involve any implementation or execution of any policy,

statement, ordinance or regulation or decision officially adopted and/or promulgated by these Defendants. The Defendants neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

All claims are barred by the applicable state and federal statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive or exemplary damages against this Defendant.

### TENTH AFFIRMATIVE DEFENSE

All actions which are the subject of the Second Amended Complaint occurred by those acting outside the course and scope of their employment with Harrison County, Mississippi.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover damages under 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 and 42 USC § 1988 against Harrison County under the Doctrine of Respondeat Superior.

### TWELFTH AFFIRMATIVE DEFENSE

Harrison County would show that any damages of the Plaintiff, the existence thereof which are denied, were the result of inaction or actions of persons other than this Defendant, whose actions Harrison County did not control, or have the right to control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Without waiving any defenses set forth above, Harrison County answers the Second Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1.   Harrison County admits Plaintiff has filed a civil lawsuit under Federal Statutes, including 42 USC § 1983, 42 USC § 1985, 42 USC § 1986.  The remaining allegations of Paragraph 1 are denied.

**STATEMENT OF THE FACTS**

2.   Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 2 and therefore, the allegations are denied.

3.   Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 3 and therefore, the allegations are denied.

4.   Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 4 and therefore, the allegations are denied.

5.   Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 5 and therefore, the allegations are denied.

6.   Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 6 and therefore, the allegations are denied.

7. Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 7 and therefore, the allegations are denied.

8. Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 8 and therefore, the allegations are denied.

9. Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 9 and therefore, the allegations are denied.

10. Harrison County is without knowledge or information sufficient to form belief as to the truth of the allegations of Paragraph 10 and therefore, the allegations are denied.

11. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

12. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

13. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

14. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

15. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

16. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

17. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

18. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

19. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

20. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

21. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

22. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

23. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

24. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

25. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

26. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

27. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

28. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

**PARTIES**

29. Harrison County admits Plaintiff is a citizen of the United States of America and a resident of Harrison County, Mississippi. The remaining allegations of Paragraph 29 are denied.

30. Harrison County admits it is a political subdivision of the State of Mississippi and is the entity responsible for funding

the Harrison County Sheriff's Department. The remaining allegations of Paragraph 30 are denied.

    31. Denied.

    32. Harrison County admits George Payne is an adult resident citizen of Harrison County, Mississippi, and was the Sheriff of Harrison County. Harrison County admits the Sheriff is vested with the responsibility and authority to hire, train, supervise, set policies and procedures at the Harrison County Adult Detention Center, enforces the policies and procedures adopted and provides protection to the citizens/residents of Harrison County, Mississippi. The remaining allegations of Paragraph 32 are denied.

    33. Harrison County admits Defendant, George Payne, is an adult resident citizen of Harrison County, Mississippi and at one time was the duly elected Sheriff of Harrison County, Mississippi. The remaining allegations of Paragraph 33 are denied.

    34. Harrison County admits Major Diane Gaston-Riley was the former warden at the Harrison County Adult Detention Center. The remaining allegations of Paragraph 34 are denied.

    34.[sic] Harrison County admits Captain Rick Gaston was a supervisor at the Harrison County Adult Detention Center. The remaining allegations of Paragraph 34 are denied.

    35. Harrison County admits Captain Phil Taylor was an employee of the Harrison County Sheriff's Department. The remaining allegations of Paragraph 35 are denied.

36. Harrison County admits that Pat Olson was a medical administrator for the Harrison County Adult Detention Center, working and employed by Health Assurance, LLC, an independent contractor of Harrison County. The remaining allegations of Paragraph 36 are denied.

37. Admitted.

## JURISDICTION

40. Harrison County admits this Court has jurisdiction to hear this case. The remaining allegations of Paragraph 40 are denied.

## VENUE

41. Admitted.

## COUNT 1

42. Harrison County incorporates by reference it's responses to Paragraphs 1 through 41 above.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT 2

## ACTION FOR CONSIPIRACY TO INTERFERE WITH CIVIL RIGHTS

## (42 U.S.C. SECTION.1985)

49. Harrison County incorporates by reference it's responses to Paragraphs 1 through 48 above.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT 3

### ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

54. Harrison County incorporates by reference it's responses to Paragraphs 1 through 53 above.

55. Each and every allegation in Paragraph 55 is denied, including the prayer for relief set forth in sub-paragraphs b and c.

56. Denied.

57. Denied.

## COUNT 4

### FAILURE TO ADEQUATE TRAIN & SUPERVISE DEPUTIES

58. Harrison County incorporates by reference it's responses to paragraphs 1 through 57 above.

59. Denied.

60. Denied.

61. Denied.

## COUNT 5

### NEGLIGENT HIRING, RETENTION AND FAILURE

### TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

62.  Harrison County incorporates by reference it's responses to paragraphs 1 through 61 above.

63.  Denied.

## COUNT 6

### PENDENT STATE OR SUPPLEMENTAL CLAIMS

### A. BATTERY

64.  Harrison County incorporates by reference it's responses to paragraphs 1 through 63 above.

65.  Denied.

66.  Denied.

### B. ASSAULT

67.  Harrison County incorporates by reference it's responses to paragraphs 1 through 66 above.

68.  Denied.

69.  Denied.

### C. CIVIL CONSPIRACY

70.  Harrison County incorporates by reference it's responses to paragraphs 1 through 69 above.

71.  Denied.

72.  Denied.

### D. INTENTIONAL INFLICTION OF EMOTION DISTRESS

73. Harrison County incorporates by reference it's responses to paragraphs 1 through 72 above.

74. Denied.

75. Denied.

### PRAYER FOR RELIEF

Harrison County denies each and every allegation in the Prayer for Relief, including subparagraphs a, b, and c and denies that the Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant Harrison County files this its separate Answer to the Second Amended Complaint presented against it and upon final hearing moves that same be dismissed with prejudice with its costs being assessed against Plaintiff.

RESPECTFULLY SUBMITTED, this the 27th day of May, 2008

> HARRISON COUNTY, MISSISSIPPI through its duly constituted and elected Board of Supervisors
>
> MEADOWS LAW FIRM
>
> BY: /s/ *Karen J. Young*
> KAREN J. YOUNG

**CERTIFICATE OF SERVICE**

I, Karen J. Young, of Meadows Law Firm, do hereby certify that a true and correct copy of the above and foregoing Answer and Defenses of Harrison County, Mississippi to the Complaint was filed with the United States District Court wherein a copy was forwarded via U.S. Postal Service, postage prepaid to:

> John A. Ortland
> C/O Mason Ulm Taylor
> 10325 34th Avenue
> Gulfport, MS 39503

SO CERTIFIED this the 27th day of May, 2008.

/s/ *Karen J. Young*
KAREN J. YOUNG, MS Bar #6654

Karen J. Young, Esq.
MS Bar No. 6654
MEADOWS LAW FIRM
P.O. Box 1076
Gulfport, MS 39502
Telephone: (228)868-7717
Facsimile: (228)868-7715
Email: kyoung@datasync.com