**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN A. ORTLAND | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:07cv1075LG-RHW |
| HARRISON COUNTY, MS, ET AL. | DEFENDANTS |

**MOTION FOR SUMMARY JUDGMENT AND QUALIFIED IMMUNITY,
ON BEHALF OF DEFENDANTS, MELVIN T. BRISOLARA, GEORGE H. PAYNE, JR,
DIANNE GATSON-RILEY AND PHIL TAYLOR**

COMES NOW, Defendants Melvin T. Brisolara, in his official capacity, George H. Payne, Jr., Dianne Gatson-Riley and Phil Taylor, in their official and individual capacities, by and through their attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and files their Motion for Summary Judgment and Qualified Immunity, and would respectfully show unto this Honorable Court the following, to-wit:

**I.**

*Pro se* Plaintiff, John Albert Ortland ("Plaintiff"), brings forth his claims pursuant to Section 1983, 1985, and 1986, the Constitution of the United States of America, and the Constitution of the State of Mississippi. See Second Amended Complaint, ("Complaint"), [15]. Plaintiff alleges that during his early morning booking at the HCADC, on or about September 8, 2004, he was placed in a changing room, when an unknown/unidentified "figure" entered the room and then allegedly used excessive force against him, while another unknown/unidentified "figure" stood by. As he was being released, Plaintiff claims that he told the officer who filled out his release documentation that he had been beaten up, and that the officer allegedly informed Plaintiff that "a report of it had already been made." Plaintiff finally claims that the medical personnel standing there at the time, was also

informed by Plaintiff of his injuries, but responded by simply stating "So". Plaintiff alleges permanent nerve damage to his right hand, as a result of this alleged incident.

## II.

Plaintiff does not allege that these Defendants were present or participated in the alleged use of excessive force in this incident or any other events during his detention at the HCADC, but that they were generally negligent in their varying duties; relative to hiring, training, supervising, setting policies and procedures. Plaintiff has named Brisolara (in his official capacity), only in the style of the thirty-one (31) page Complaint. Brisolara's name does not appear in the twelve (12) page Statement of Facts. His name is not listed among four (4) pages where Plaintiff identifies parties. Finally, Brisolara's name does not appear in the twelve (12) pages where Plaintiff asserts his claims in six numbered "Counts".[1]

## III.

The Complaint [15], contains the following allegations: Count 1 - violation under 42 U.S.C. § 1983; Count 2 - Conspiracy to interfere with Civil Rights (42 U.S.C. § 1985); Count 3 - Action for Neglect or Failure to Prevent Consipiracy (42 U.S.C. § 1986); Count 4 - Failure to Adequately Train and Supervise; Count 5 - Negligent Hiring, Retention and Failure to Discipline or Take Necessary Corrective Action; Count 6 - Pendent State or Supplemental Claims; which have been dismissed by Order [32] of this Court. Plaintiff seeks $1,500,100 in compensatory/general damages, and $4,500,000 in punitive damages.

---

[1] Plaintiff's deficient pleading would normally warrant dismissal because he hasn't pled for Brisolara "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, - - - U.S. - - - , 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).

### IV.

Based upon the undisputed facts, Plaintiff's 42 U.S.C. § 1983 Claims fail as a matter of law. Plaintiff first fails to establish a Constitutional violation for excessive force, deliberate indifference to Plaintiff's medical needs, negligent hiring and retention, failure to adequately train and supervise, and failure to discipline or take corrective actions. Next, Plaintiff's claims against these Defendants in their individual capacities fail and they are entitled to qualified immunity; and Plaintiff's claims fail on the merits under Section 1983. Next, Plaintiff fails to state an official capacity claim against these Defendants. Finally, to the extent Plaintiff brings forth a claim for Conspiracy pursuant to 42 U.S.C. § 1983, this claim also fails as a matter of law. Plaintiff clearly cannot create any issue of material fact as to any of these claims, and Defendants ask the Court to grant them summary judgment on the Section 1983 claims.

### V.

Based upon the undisputed facts, Plaintiff's 42 U.S.C. § 1985 Claims fail as a matter of law. Plaintiff cannot prove these Defendants conspired to interfere with a federal official's performance of any duties (§1985(1)), that they conspired to interfere with proceedings in federal or state court (§1985(2)), or that they conspired with a racial-based motive to deprive Plaintiff of equal protection and of equal privileges and immunities under the law or to interfere with Plaintiff's participation in a federal election (§1985(3)). For these reasons, Defendants ask the Court to grant them summary judgment on the Section 1985 claim.

### VI.

Based upon the undisputed facts, Plaintiff's 42 U.S.C. § 1986 Claims fail as a matter of law. Since Plaintiff cannot establish a claim under Section 1985 against these Defendants, it follows that

he cannot establish a claim under Section 1986 against them. Therefore, Defendants ask the Court to grant them summary judgment on this claim.

## VII.

In the alternative, Defendants (in their Official Capacities), are entitled to partial Summary Judgment dismissing all claims for punitive damages. Punitive damages are not recoverable against a municipality for an official capacity Section 1983 claim. This is because punitive damages are not allowed against a municipality under 42 U.S.C. §1983. See Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Dillon v. Jefferson County, Tex., 1997 U.S. Dist. LEXIS 12090, *15 (E.D. Tex. Mar. 17, 1997).

## VIII.

In support of this Motion, these Defendants rely upon the following Exhibits, which are attached hereto and fully incorporated herein by reference:

| | | |
|---|---|---|
| Exhibit "A" | - | Affidavit of Donald Cabana |
| "A-1" | - | Relevant Portions of Plaintiff's inmate record |
| "A-2" | - | Relevant Portions of Plaintiff's medical records from the Harrison County Adult Detention Center |
| Exhibit "B" | - | Relevant portions of the Plaintiff's Deposition |
| Exhibit "C" | - | Affidavit of Sheriff Melvin T. Brisolara |
| Exhibit "D" | - | Affidavit of Sheriff George Payne |
| "D-1" | - | HCACD Facility Goals, Purpose and Mission |
| "D-2" | - | HCADC Code of Ethics Policy |
| "D-3" | - | HCADC General Rules of Conduct Policy |

        "D-4"  -       HCADC Use of Force Policy

        "D-5"  -       HCADC Use of Restraints Policy

        "D-6"  -       HCSD General Order #10, Weapons & Use of Force

        "D-7"  -       HCACD Health Care Services Policy

        "D-8"  -       HCSD General Order #65, Professional Standards Unit

        "D-9"  -       HCSD General Order #62, Employee Discipline

        "D-10" -       HCSD General Order #44, Corrective Measures

        "D-11"-       Post Assignment Sheets and Training Record and Certificates for Booking Officers on Duty on 9/8/04

        "D-12"-       HCADC Inmate Grievance Policy

Exhibit "E"  -       Affidavit of Major Dianne Gatson-Riley

        "E-1"  -       HCADC Code of Ethics, Use of Force, and Chain of Command

        "E-2"  -       HCSD General Order #65

        "E-3"  -       HCADC Training Policy

Exhibit "F"  -       Affidavit of Phil Taylor

        "F-1"  -       HCADC Use of Force Policy

        "F-2"  -       HCADC Training Policy

        "F-3"  -       HCSD General Order #65

Defendants further rely upon their Memorandum of Authorities being filed with the Court contemporaneously herewith and fully incorporated herein by reference.

WHEREFORE, PREMISES CONSIDERED, Defendants, Melvin Brisolara, in his official capacity, George Payne, Dianne Gatson-Riley, and Phil Taylor, officially and in their individual capacities, file this their Motion for Summary Judgment and Qualified Immunity since, based on the

undisputed facts, they are entitled to judgment as a matter of law.  These Defendants respectfully request that, upon all issues having been duly considered, this Honorable Court will grant their Motion and dismiss this civil action, with prejudice.  Defendants pray for such other and further relief as this Honorable Court deems appropriate.

    RESPECTFULLY SUBMITTED, this the 3rd day of December, 2009.

        **MELVIN BRISOLARA, GEORGE H. PAYNE, JR., DIANNE GATSON-RILEY, PHIL TAYLOR, DEFENDANTS**

        **BY:   DUKES, DUKES, KEATING & FANECA, P.A.**

        BY:   *s/Cy Faneca*
               CY FANECA

Cy Faneca,  MSB #5128
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:  228/863-2886

## ERTIFICATE OF SERVICE

    I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Karen Jobe Young
Meadows Law Firm
P.O. Box 1076
Gulfport, MS 39502
*Attorney for Defendant Harrison County, Mississippi*

    Ian A. Brendel
Jim Davis, P.A.
P.O. Box 1521
Gulfport, MS 39502
*Attorneys for Defendant Rick Gaston*

    Robert H. Pedersen
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650
*Attorney for Defendant Pat Olsen and Health Assurance, LLC*

    and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the foregoing pleading to the following non-ECF participants:

    John A. Ortland c/o Mason Ulm Taylor
10325 34th Avenue
Gulfport, Mississippi  39503

This, the 3rd day of December, 2009.

    *s/Cy Faneca*
CY FANECA