General Order #62
Harrison County Sheriff's Department
June 4, 2004

George Payne, Jr., Sheriff

# EMPLOYEE DISCIPLINE

**1. SCOPE**

All employees of the Harrison County Sheriff's Department (full or part time) are subject to the provisions of this policy.

**2. POLICY**

It is the policy of the Harrison County Sheriff's Department that its employees serve the Citizens of Harrison County effectively and efficiently. In accordance with this policy, the actions of the employee's of the Sheriff's Department shall comply with departmental polices, rules and procedures. The failure of an employee to perform their duties in a satisfactory manner shall be cause for disciplinary or other corrective action. The Harrison County Sheriff and appropriate supervisors will administer this policy.

**3. DISCIPLINARY REVIEW BOARD**

The Disciplinary Review is sanctioned under the authority of the Sheriff. In the absence of the Sheriff his designee shall assume the role as appointing authority.

1) Board Members
    a) Operations Major – Board Member
    b) Administration Major – Board Member
    c) Corrections Major – Board Member
    d) Academy Major – Board Member

2) Duties and Responsibilities
    a) Upon the request of any Division Director or the Sheriff, the Disciplinary Review Board will convene to hear formal charges against an employee of the Harrison County Sheriff's Department. The Sheriff or in his absence, his designee must approve all Disciplinary Review Boards.



EXHIBIT

"D-9"

b) Prior to awarding any formal sanctions against an employee, the Disciplinary Review Board will convene to hear the charges against the employee. The employee will be given the opportunity to respond orally or in writing to the charges.

c) The Chairman of the Review Board will be the Major in charge of the Department in which the employee works that is appearing before the board.

d) The Major and at least two members must be present to convene the Board. The Sheriff or his duly appointed designee may appoint a temporary Board member to hear a case. The temporary Board member must have the rank of Captain or above to serve on the Board.

e) After hearing the employee's response to the charges, the Major who is acting Chairman or a dully appointed designee will forward the Disciplinary Review Board's recommendation to the Sheriff.

3) Classification of Allegations

The Major who is acting Chairman or a duly appointed designee shall recommend one of the following four classifications:

(a) Unfounded – the allegation is false or not factual.

(b) Exonerated – the incident occurred, but was lawful and proper.

(c) Not sustained – there was insufficient evidence to prove or disprove the allegation.

(d) Sustained – the allegation is supported by a preponderance of evidence to justify a reasonable conclusion that the incident did occur.

4) Corrective Actions

If formal disciplinary action is warranted, the Disciplinary Review board will make one of the following recommendations:

(a) Written Reprimand

(b) Demotion

(c) Suspension

(d) Termination

General Order #62-June 4, 2004                                    2

5) **Final Determination**

The Sheriff will review the charges and the recommendations of the Disciplinary Review Board. The Sheriff or in his absence the appropriate Major will make the final determination of what, if any, disciplinary action will be taken.

6) **Appeal**

All disciplinary actions awarded by the Sheriff, with the exception of letters of reprimand, can be appealed to the Civil Service Commission.

D. **Documentation and Removal of Disciplinary Action**

Documentation of disciplinary actions including suspension, demotion, or dismissal will remain in the employees' personnel file indefinitely. Letters of reprimand, however, may be removed and expunged by the Sheriff upon the request of the employee.

Letters of reprimand must remain in the employees' personnel file for a minimum of twelve months. An employee may petition the Sheriff to have a letter of reprimand removed from his/her personnel file. If the Sheriff approves the removal of the letter of reprimand, the letter will be expunged from the personnel file.

General Order #44
Harrison County Sheriff's Department
October 15, 2002

George Payne, Jr, Sheriff

## CORRECTIVE MEASURES

1. **SCOPE:**

   This policy is directed to all employees of the Harrison County Sheriff's Department.

2. **PURPOSE:**

   The purpose of the General Order is to establish a uniform and incremental system of corrective measures. The primary intent is to maintain good order and structure within the department.

   It is imperative for each employee to obey established regulations and exercise sound judgment at all times. It is the responsibility of each supervisor to maintain the proper discipline among his/her subordinates.

3. **POLICY STATEMENT:**

   Harrison County Sheriff's Department policy is that all corrective measures be administered at the lowest level of supervision with the least severe actions warranted by the seriousness of the infraction.

4. **TYPES OF CORRECTIVE ACTION:**

   A supervisor may consider any two actions of equal or greater severity administered to an employee as constituting a trend of irresponsible or incompetent behavior. Any subsequent behavior or problems may be dealt with by more severe measures.

   The following types of corrective actions are listed from the least severe to the most severe:

General Order #44 - October 15, 2002                                    1



A. Verbal Counseling:

Supervisors are obligated to make every effort to resolve minor problems as soon as possible. Private, person-to-person, counseling sessions should be used to avert more serious future problems.

1. The following list is not to be inclusive, but provides examples of instances when this type of corrective action may be used:

    (a) Minor violations of departmental general orders or policies not resulting in injury or monetary loss to the county.

    (b) Minor lapses in operational efficiency.

    (c) Poor performance that appears to be the result of a training issue or a misunderstanding of departmental regulations or policies.

2. A Supervisor may consider a series of two counseling measures as a trend of irresponsible or incompetent behavior by the employee. The third counseling session should be dealt with a more serious measure.

B. Formal Written Counseling:

When an employee appears to be unreceptive to verbal corrections, the discrepancy should be fully documented on a Written Counseling Form.

1. The following list is not to be considered all-inclusive but provides examples of instances when this type of corrective action may be used:

    (a) The third verbal counseling violation of department regulations or policies not resulting in injury or monetary loss to the county.

    (b) Lapses in operational efficiency considered by the supervisor to be serious enough to warrant documentation.

    (c) Unreceptive behavior regarding training and/or constructive criticism from a supervisor or an appointed trainer.

    (d) Failure to comply with a lawful order from a higher ranking employee.

General Order #44 - October 15, 2002

2

2. A series of two Formal Written Counselings may be considered by a supervisor as constituting a trend or irresponsible or incompetent behavior serious enough to warrant the use of a more severe corrective measure.

C. Letter of Reprimand:

A written reprimand may be a part of a continuing pattern of corrective measure or may be used as the initial action depending on the circumstance.

1. The following list is not to be considered all-inclusive but provides examples of instances when a Letter of Reprimand will be used in a continuing pattern of corrective measures.

   (a) Violation of departmental general orders or policies not resulting in injury or monetary loss to the county, which the supervisor believes will not be corrected with a Formal Written Counseling.

   (b) Lapses in operational efficiency such as inefficiency in responding to calls, report problems, and tardiness.

   (c) Unreceptive behavior towards a supervisor and/or an appointed trainer regarding training and/or constructive criticism.

   (d) Failure to comply with a lawful order from a higher ranking employee.

   (e) When the employee fails to make a good faith effort to adhere to previous corrective measures.

2. The following list contains examples of instances when a Letter of Reprimand may be used as an initial corrective measure:

   (a) An act or omission that results in the injury or creates a serious potential for an injury.

   (b) An act or omission that results in monetary loss to the county as a result of damage to county property and/or damage to private property when the county is liable.

   (c) An act that is detrimental to the good order and/or discipline of the department.

   (d) Failure to comply with a lawful order from a higher ranking employee.

Examples:

(1) Knowingly disobeying the order of a higher-ranking employee.

(2) Public criticism of supervisors, co-workers, citizens, or any part of the county administration.

(3) Encouraging others to disregard the integrity of department regulations, policies, and orders.

3. A series of two Letters of Reprimand may be considered by a supervisor as constituting a trend of irresponsible or incompetent behavior serious enough to warrant the use of a more severe measure.

D. SUSPENSIONS:

Whenever a continuous pattern of performance/conduct has not improved, or is unlikely to improve, a suspension not to exceed thirty days may be implemented if an employee commits a violation of department policy and/or exhibits conduct that has a detrimental impact upon the maintenance of good order and discipline within the department.

1. The following list is not considered as all inclusive, but provides examples of instances that suspension may be used in a continuing pattern of corrective measures:

(a) Infractions of departmental general orders or policies, not resulting in injury or monetary loss to the county.

(b) Lapses in operational efficiency.

(c) Unreceptive behavior towards a supervisor and/or an appointed trainer regarding constructive criticism and/or training.

(d) Failure to comply with a lawful order from a higher ranking employee.

(e) Failure to make a good faith effort to adhere to the corrective measures stipulated in any of the previously corrective actions.

2. The following list contains examples or instances when a suspension may be used as an initial corrective measure. Acts that are seriously detrimental to the good order and discipline of the department including, but not limited to, the following:

General Order #44 - October 15, 2002

4

(a) An act or omission that results in injuries or creates a potential for injuries.

(b) An unsafe act or admission that results in the monetary loss to the county through damage to county property and/or damage to private property when the county incurs the liability.

(c) Defiance of a higher-ranking employee.

(d) Under the influence of alcohol, stimulants, depressants, or any other substance while on duty that can alter the ability to reason and/or function in a crisis situation.

(e) Failure to comply with a lawful order from a higher ranking employee.

(f) Physical or psychological abuse of any employee or citizen.

(g) Any force that exceeds the amount necessary to bring a person under control effectively.

(h) Refusal or failure to respond to a call for service or situation.

(i) Refusal or failure to provide back up or assistance for a fellow employee in a hazardous or a potential hazardous situation.

(j) Making a false official statement.

3. A supervisor may consider a series of two Suspensions as constituting a trend of irresponsible or incompetent behavior serious enough to warrant the use of a more severe measure.

E. DEMOTIONS:

An employee that holds a rank is expected to accept an increasing amount of responsibility when promoted. Whenever it becomes apparent that an employee cannot or will not accept the appropriate responsibility and is unable or unwilling to improve his/her performance/conduct after previous corrective measures have been administered, demotion in rank may be implemented in order to place the employee in a position of reduced responsibility. Demotion may also be implemented as an initial corrective action in rare instances in which the employee's actions are of such magnitude as to jeopardize the good order and discipline of the department.

Demotions in rank are a grave matter and should be implemented only after careful and deliberate consideration of the existing circumstances. The situations listed below are examples of instances in which demotion may be appropriate:

General Order #44 - October 15, 2002                    5

1. The following list is not to be considered all-inclusive, examples of instances in which demotion may be used in a continuing pattern of corrective measures:

    (a) Infractions of departmental general order policies which do not result in injury or monetary loss to the county, but which do interfere with the maintenance of an efficient, superior subordinate relationship within the department.

    (b) Lapses in operational efficiency.

    (c) Failure to cooperate with a training instructor directed by higher authority, and/or unreceptive to training or constructive criticism by a higher-ranking employee after other corrective measures have been administered.

    (d) Failure to make a good faith effort to adhere to previous corrective measures.

    (e) Failure to comply with a lawful order from a higher ranking employee.

    (f) Acts, which have the potential of being detrimental to the good order and discipline of the department.

2. The following list is not to be considered all-inclusive, but provides examples of instances in which instances may be used as an initial corrective measure:

    (a) A knowing and willful unsafe act or omission which results in injuries to departmental employees or other citizens, or which creates the potential for injuries.

    (b) A knowing and willful act, which results in the county incurring monetary loss or liability as a result of damage to county or private property.

    (c) Defiance toward a supervisor who is acting in an official capacity.

    (d) Under the influence of alcohol, stimulates, depressants, or any other substance while on duty that alters the individual's ability to reason and/or function in a crisis situation.

    (e) Failure to comply with a lawful order from a higher ranking employee.

    (f) Physical or psychological abuse of another employee.

General Order #44 - October 15, 2002                                6

(g) Refusal or failure to respond to a police call and/or a request for assistance by another officer in a potentially hazardous situation.

(h) Making a false official statement regarding any incident.

(i) Advising or encouraging any other employee to disobey or evade a department general order or policy.

F.  DISMISSAL:

This is the ultimate Corrective Measure to behavior/performance problems and should be taken as a last resort.

Dismissal from employment is a grave matter and should be carefully and thoughtfully considered.  The situations listed below are examples of instances in which dismissal is appropriate:

1.  The following list is not considered all inclusive but provides the instances in which dismissal may be used as the final act in a continuing pattern of corrective measures:

(a) Minor infractions of departmental regulations and policies after other corrective measures have been administered without significant improvement in the overall performance/conduct.

(b) Lapses in operational efficiency after other corrective measures have been administered without significant improvement in the overall performance/conduct.

(c) Unreceptive to training and/or failure to cooperate with a training instructor or training program after a less sever corrective measure has been administered without significant improvement in overall performance/conduct.

(d) Failure to comply with a lawful order from a higher ranking employee.

(e) Failures to make a good faith effort to correct overall behavior/performance problems after less severe corrective measures have been administered.

(f) Disruptive influence to the good order and discipline of the department.

(g) Under the influence of alcohol or any other substance while on duty generally known to alter an individual's ability to reason or function in a normal manner.

General Order #44 - October 15, 2002                                7

(g) Under the influence of alcohol or any other substance while on duty generally known to alter an individual's ability to reason or function in a normal manner.

(h) Brutality toward citizens, prisoners or co-workers.

(i) Knowingly and willingly using a firearm in violation of departmental general order/policy.

(j) Falsifying a statement(s) on the employee's application.

(k) Accepting money, goods, or services in exchange for protecting illicit operations or granting any special considerations to any person(s).

(l) Willful disobedience of orders.

5. Who Will Administer Corrective Measures:

Any supervising employee can initiate corrective measures but a supervisor in the employee's chain of command should implement the process. Unless special circumstances exist, the employee's immediate supervisor will implement the corrective measure process.

6. The Corrective Measure Process:

The initiating supervisor will prepare a Notification of Intent form by listing the details of the act or omission. This form will be forwarded to the employee's immediate supervisor at which time, the implementation process will begin.

The immediate supervisor will explain to the employee in private the reasons for the corrective measure. The employee will be advised of his/her rights to appeal the corrective measure.

A. Appeal Process:

1. The employee will sign the Notification of Intent form to acknowledge notification of the corrective measure. The employee will indicate if he/she desires to appeal the measure to a higher level.

General Order #44 - October 15, 2002                              8

2.  When an employee indicates he/she wants to appeal the measure, all original paperwork (notification form and any documentation that supports the measure) will be forwarded to the employee's next level of supervision for review. This process will continue until the employee acknowledges acceptance of the measure by annotating it on the form or continues the appeal process to the Sheriff. The Sheriff must approve all suspension, demotion, and dismissal measures.

3.  If the Sheriff agrees with the measure, any employee holding permanent civil service status may request a Civil Service hearing for the purpose of investigating the appropriateness of such action. Such hearing will be conducted in accordance with Civil Service regulations. It is the employee's responsibility to adhere to the Civil Service Commission's appeal procedures.

B.  <u>Acceptance Process:</u>

If the employee decides not to appeal the measure, the notification form will be attached to the corrective measure paperwork. These documents will be forwarded to the Division Major by means of the employee's chain of command.

1.  The Division Major will review the information and determine if the measure is appropriate. The decision will be documented on the form at which time the form will be returned to the implementing supervisor. If the measure is a suspension, demotion, or a dismissal, the Division Major will inform the employee regarding the details of the measure.

2.  If the Division Major does not agree with the measure listed, he/she can alter it as he/she sees fit. The Division Major will meet with the implementing supervisor who forwarded the form to him/her and review the changes to the measure. The implementing supervisor will need to meet with the employee in private to explain the changes. Due to the changes of the measures, the employee is allowed to change his/her decision to appeal the measures if the employee desires.

3.  The Sheriff will direct the creation of a personnel order regarding corrective measures when orders are necessary.

General Order #44 - October 15, 2002                                    9

7.  Disposition of Records:

The original personnel order and all supporting documents will be filed in the employee's personnel file. A copy of the personnel order will be filed in the employee's performance file by the implementing supervisor.

8.  Implications of a Corrective Measure:

A. All Verbal Counseling Measures will remain in an employee's performance file for a period of three months. If no additional measures have been implemented during this period, the corrective measure will not affect the employee for considerations of promotion, special unit transfer, chain-of-status, or any other career orientated personnel action.

B. All Formal Written Counseling Measures will remain in an employee's performance file for a period of six months. If no additional measures are implemented during this period, the measure will not affect the employee for consideration of promotion, special unit transfer, chain-of- status, or any other career orientated personnel action.

C. All Letter of Reprimand Measures will remain in an employee's performance file for a period of one year. If no additional measures are implemented during this period, the measure will not affect the employee for consideration of promotion, special unit transfer, chain-of-status, or any other career orientated personnel action.

D. All Suspension Measures will remain permanently in an employee's personnel file and performance file. During a one-year period immediately following the completion of a suspension, the employee is automatically disqualified for consideration of promotion, special unit, transfers, chain-of-status, or any other career oriented personnel actions.

An employee who receives a suspension measure should honor the measure by missing work. But, the Sheriff has the option to allow an employee to use accrued annual leave or compensation time.

E. All Demotion Measures will remain permanently in an employee's personnel file and performance file. The employee will be eligible for consideration of promotion, special unit transfer, chain-of-status, or any other career orientated personnel actions after two years from the official demotion date.

General Order #44 - October 15, 2002                                    10

9.  Emergency Circumstances:

    A Section Leader may relieve an employee from duty with pay in an
    emergency situation without The Sheriff or Division Major approval.
    An emergency situation must constitute endangering a human life.
    The Section Leader will immediately contact the Division Major and
    start the corrective measure process.  If the Division Major is
    unavailable, the Section Leader will contact the Sheriff.

10. Reimbursement for Damages/Monetary Loss to Harrison County:

    Whenever an employee causes a monetary loss to the County due to
    an act or omission, which constitutes misconduct or personal
    negligence, such employee may be required to reimburse the County
    for the amount of the monetary loss.  Reimbursement may be used in
    conjunction with any corrective measure.

    A.  The Sheriff can mandate reimbursement expenses for damages
        and/or monetary loss to Harrison County as a result of the
        employee's actions.  The amount of the reimbursement will be
        listed on the employee's personnel order along with the
        corrective measure implemented.

    B.  After the reimbursement has been ordered, the records relating
        to such action will be filed in the employee's personnel file and
        performance file.

    C.  The Sheriff will specify the method of reimbursement as one of
        the following:

        (1) The employee may make a one-time payment to be
            deposited into Harrison County's General Fund.

        (2) The employee may elect to have up to six equal shares
            deducted from his/her paycheck.  Under special
            circumstances, the Sheriff may authorize deviation from the
            time restriction.

        (3) The employee's Division Major will ensure that appropriate
            arrangements are made with the Payroll Office.

General Order #44 - October  15, 2002                          11

**HARRISON COUNTY SHERIFF'S DEPARTMENT**
**SUPERVISOR INFORMAL COUNSELING NOTES**

Employee: _____ Position:_____

Supervisor: _____ Position: _____

Subject of Counseling:_____

Brief Description of Problem:

_____

_____

_____

_____

Brief Description of Meeting With Employee:

_____

_____

_____

General Order #44 - October 15, 2002                    22-4

# HARRISON COUNTY SHERIFF'S DEPARTMENT
## FORMAL WRITTEN COUNSELING

Employee:_____ Position: _____

Supervisor: _____ Position: _____

Subject of Counseling: _____

_____

Supervisor's Comments:

The following corrective measures are considered appropriate at this time:

_____        _____
Supervisor Signature                                 Date

Employee Comments:

I hereby acknowledge that measures are being taken against me for the above violation.  I consider this measure to be ☐ not appropriate and I ☐ desire an interview with the next supervisor in the chain-of-command.

_____        _____
Employee Signature                                  Date

**General Order #44 - October  15, 2002**                    **22-4**

**HARRISON COUNTY SHERIFF'S DEPARTMENT**
**NOTIFICATION OF INTENT TO INITIATE**
**CORRECTIVE MEASURES**

Employee: _____    Position:_____

Initiating Supervisor:_____    Position:_____

Supervisor's Comments:


I am hereby recommending the following corrective measures:



If you consider this measure inappropriate and it is upheld throughout the chain-of-command, you have the right to a hearing before a Board of Inquiry and such board will be convened at your request.

_____    _____
Supervisor Signature                               Date

Employee's Comments:

I hereby acknowledge that measures are being taken against me for the above listed violation.  I consider this measure

☐   Appropriate          ☐   Not Appropriate

If the measure is upheld throughout the chain-of-command, I

☐   Desire                    ☐   Do Not Desire

a hearing before the Board of Inquiry.


_____    _____
Employee Signature                               Date

General Order #44 - October  15, 2002                    22-4

**IMMEDIATE SUPERVISOR COMMENTS**:

☐     I concur with the proposed measure.

☐     I do not concur with the proposed measure.
Recommendations and comments are attached.

| | |
|---|---|
| _____ | _____ |
| Signature | Date |

**SECTION SUPERVISOR COMMENTS**:

☐     I concur with the proposed measure.

☐     I do not concur with the proposed measure.
Recommendations and comments are attached.

| | |
|---|---|
| _____ | _____ |
| Signature | Date |

**DIVISION MAJOR COMMENTS**:

☐     I concur with the proposed measure.

☐     I do not concur with the proposed measure.
Recommendations and comments are attached.

| | |
|---|---|
| _____ | _____ |
| Signature | Date |

**SHERIFF COMMENTS**:

☐     I concur with the proposed measure.

☐     I do not concur with the proposed measure.
Recommendations and comments are attached.

| | |
|---|---|
| _____ | _____ |
| Signature | Date |

**General Order #44 - October  15, 2002**                                  **22-4**

**Harrison County Adult Detention Facility**
George Payne, Jr., Sheriff
**Post Assignment**

**Shift: 2300-0700**                              **Date: 09/08/2004**

| A-Tower | Booking Control | A-Block Headcount |
|---|---|---|
| Robinson #176 | Dodd #321 | Robinson #176 |
|  | **Perimeter Patrol** | FTO Labauve #178 |
| **A-Floor** | Jaspers #199 | FTO Littlefield #204 |
| FTO Labauve #178 |  | Phillips #246 |
|  | **Medical Security** |  |
| **B-Tower** |  | **B-Block Headcount** |
| Fore #301 | **Front Desk/ Receptionist** | Fore #301 |
| Tippetts #154 | Smith #162 | Minor #284 |
| **B-Floor** |  | Brawner #179 |
| Minor #284 |  | Moore #282 |
|  | **Shift Supervisor** |  |
| **Juvenile Watch** | Sgt Mathis #228 | **C-Block Headcount** |
| Moore #282 | **Secondary Supervisor** | Richardson #174 |
| **Lockdown Unit  B/D** | Sgt Caldwell #314 | Barnes #183 |
| Brawner #179 |  | Erwin #259 |
| **C-Tower** | **Annual/Sick Leave** | Necaise #221 |
| Richardson #174 | Branning #184 80 Hour Class |  |
|  | Lorenzo #278 P/T S/L |  |
| **C-Floor** |  | **D-Block Headcount** |
| Barnes #183 |  | Wilson #172 |
|  |  | Taylor #269 |
|  |  | Lawson #198 |
| **D-Tower** | **Day Off** | Dodd #321 |
| Lanham #219 | Sgt Ellsberry #231 |  |
|  | FTO Kelly #181 |  |
| **D-Floor** | Cox #218 | **Part-Time Personnel** |
| Taylor #269 | Gwin #215 |  |
| Wilson #172 | Hill #248 |  |
|  | Payne #317 |  |
| **Medical Watch  D/F** | Propes #233 |  |
| Lawson #198 | Stover #308 |  |
| **Central Control** | Evans #166 |  |
| Hester #152 | Kelly #286 |  |
| **Rover** | Adamson #158 P/T |  |
| Phillips #246 |  | **Response Team** |
| FTO Gaines #213 FTO Rover |  | Sgt Mathis #228 |
| **Booking** | **Officers in Training** | Sgt Caldwell #314 |
| OIC Teel #143 | Hester #152 Central Control | FTO Labauve #178 |
| Necaise #221 | Dodd #321 Booking Control | FTO Gaines #213 |
|  | Phillips #246 R-1 | Barnes #183/Necaise #221 |
|  | Tippetts #154 B-Control | Wilson #172/Phillips #246 |
|  |  | Taylor #269/Brawner #179 |
| **Security Personnel on duty:21** | | |
| **Part-Time Personnel on duty:00** | | |
| **Total personnel on duty: 21** | | |

**EXHIBIT**

D-11"

## Harrison County Adult Detention Facility
George Payne, Jr., Sheriff
## Post Assignment

**Shift: 1500 - 2300**                    **Date: 9/08/04**

| | | |
|---|---|---|
| **A-Tower** | **Booking Control** | **A-Block Headcount** |
| McGill #214 | Smart #182 | F.T.O. Littlefield #204 |
| F.T.O. Littlefield #204 | **Perimeter Patrol** | McGill #214 |
| **A-Floor** | Jaspers #199 | Wills #205 |
| Brown #188 | | Neill #238 |
| | **Medical Security** | |
| | | |
| **B-Tower** | | **B-Block Headcount** |
| Williams #173   P/T | **Front Desk/ Receptionist** | Tarpley #267 |
| | Morgan #240 | Hall #293   P/T |
| **B-Floor** | Allen #733 | Priest #288 |
| Hall #293      P/T | Coleman #558 | Blankinchip #303 |
| | | |
| | **Shift Supervisor** | |
| **Juvenile Watch** | Sgt. Rogers #161 | **C-Block Headcount** |
| Priest #288 | **Secondary Supervisor** | F.T.O. Sumrall #239 |
| **Lockdown Unit  B/D** | Sgt. Thomas #285 | Munns #294 |
| Blankinchip #303 | | Erwin #259 |
| **C-Tower** | **Annual/Sick Leave** | Santora #315 |
| Munns #294 | | |
| F.T.O. Sumrall #239 | | |
| **C-Floor** | | **D-Block Headcount** |
| Erwin #259 | | Robbins #263 |
| | | Smith #169 |
| | **Day Off** | Rhodes #192 |
| **D-Tower** | Sgt. Collins #254 | Foster #230 |
| Smith #169 | F.T.O. Pickens #201 | |
| Robbins #263 | Atchley #207 | **Part-Time Personnel** |
| **D-Floor** | Lawson #299 | Hall #293 |
| Rhodes #192 | Peterson #309 | Williams #173 |
| Santora #315 | Priest #310 | |
| | Thompson #224 | |
| **Medical Watch  D/F** | Whittington #323 | |
| Foster #230 | Barnard #242 | |
| **Central Control** | Stolze #251 | |
| James #318 | Bartley #155 | |
| **Rover** | Chorba #561 | |
| Campbell #292 | Tate #N/A | **Response Team** |
| | **Training** | Sgt. Rogers #161 |
| **Booking** | McGill #214 | Sgt. Thomas #285 |
| Neill #238 | Munns #294 | Campbell #292 |
| Wills #205 | Smith #169 | Erwin #259 |
| | | Santora #315 |
| | | Brown #188 |

**Security Personnel on duty:22**
**Part-Time Personnel on duty:02**
**Total personnel on duty: 24**

# Harrison County Adult Detention Facility
George Payne, Jr., Sheriff
## Post Assignment

Shift: 0645-1500                                      Date: September 8, 2004

| A-Tower | Booking Control | A-Block Headcount |
|---|---|---|
| Rush #206 | T. Johnson #209 | Rush |
| | **Perimeter Patrol** | Merrell |
| **A-Floor** | | Moore |
| Merrell #187 | | Snell |
| | **Medical Security** | |
| | Anderson #275 | |
| **B-Tower** | Smith #164 | **B-Block Headcount** |
| Beasley #196 | **Front Desk / Receptionist** | Beasley |
| | Allen #733   P/T | McBeath |
| **B-Floor** | Feazell #241 | FTO Carson |
| FTO Carson #276 | Maston #727  (Lobby) | Moore, D   #282 N/S |
| | | |
| | **Shift Supervisor** | |
| **Juvenile Watch** | Sgt. Reese, D. #243 | **C-Block Headcount** |
| Snell #273 | **Secondary Supervisor** | Moore, T |
| **Lockdown Unit  B/D** | Sgt. Lege, E. #316 | Hawkins |
| McBeath #306 | | Harrier |
| **C-Tower** | **Annual / Sick Leave** | McDaniel |
| T. Moore #825 | Varnado #245  A/L | |
| | | |
| **C-Floor** | | **D-Block Headcount** |
| FTO Gregory #289 | | Brown |
| | | Hatten |
| | | Marble |
| **D-Tower** | **Day Off** | FTO Gregory |
| Brown #265 | Davis #236 | |
| | Fulton #298 | |
| **D-Floor** | Henderson #170 | **Part-Time Personnel** |
| Hatten #226 | McGill #214 | Allen E. |
| | Specker #311 | |
| | Sumrell #211 | |
| **Medical Watch D/F** | Pavolini #280 | |
| Marble #253 | Windham #190 | |
| **Central Control** | Bartley #553 | |
| Ladner #552 | Hathaway #556,  Glaczier #734 | |
| **Rover** | Francis #225,  Johnson, M. #265 | |
| Hawkins #223 | Hentges #153 | **Response Team** |
| | Fortenberry #728 | Sgt. Reese |
| **Booking** | **Officers in Training** | Sgt. Lege |
| Harrier #261 | McBeath #306 | FTO Gregory |
| McDaniel #195 | Marble #253 | Merrell |
| Moore, T. #186 | Zanders #193  (80-Hours Class) | Hatten |
| | | Hawkins |
| | | Harrier |

**Security Personnel on duty:21**
**Part-Time Personnel on duty:01**
**Total personnel on duty:22**

# HARRISON COUNTY SHERIFF DEPARTMENT TRAINING RECORD

**E:** TEEL, RYAN M.

**E HIRED:** SEPTEMBER 7, 1999

**BADGE #:** 143

**DIVISION:** CORRECTIONS

| CLASS/CERTIFICATION | DATE | TRAINING HOURS | REMARKS |
|---|---|---|---|
| SERVICE TRAINING | 10-Sep-99 | 44 HRS | |
| RVICE TRAINING FAST TRACK OFFICER SESSION OVERVIEW | 27-Jan-00 | 1.15 HRS | |
| SERVICE TRAINING STRESS | 2-Mar-00 | 1.15 HRS | |
| CRITICAL INCIDENT TRAINING | 28-Mar-00 | 12 HRS | |
| N-SERVICE TRAINING REPORT WRITING | 19-Apr-00 | 2 HRS | |
| O.C. SPRAY CERTIFICATION | 15-Nov-00 | UNK | |
| ASP BATON CERTIFICATION | 17-Nov-00 | UNK | |
| .P.C.T. CERTIFICATION | 20-Nov-00 | 3 DAYS | |
| FIELD TRAINING OFFICER BASIC COURSE | 29-Dec-00 | 16 HRS | EXPIRES NOV 2002 |
| BLOCK OF INSTRUCTION GENERAL RULES OF CONDUCT | 26-Mar-01 | 10 MIN | |
| BLOCK OF INSTRUCTION LEGAL ASSISTANCE | 30-Mar-01 | 10 MIN | |
| BLOCK OF INSTRUCTION PERSONNEL SELECTION & RETENTION | 31-Mar-01 | 10 MIN | |
| BLOCK OF INSTRUCTION POST ORDERS | 1-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION SECURITY PROMOTIONS | 4-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION FACILITY GOALS PURPOSE & MISSION | 5-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION PERSONNEL RECORDS | 9-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION MONTHLY STATISTICAL REPORTING | 10-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION BOOKING & RECEIVING | 13-Apr-01 | 10MIN | |
| BLOCK OF INSTRUCTION CLASSIFICATION | 14-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION PERSONAL PROPERTY INVENTORY | 15-Apr-01 | 10MIN | |
| BLOCK OF INSTRUCTION CUSTODY INQUIRIES | 18-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION KEY CONTROL | 19-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION INMATE CUSTODY RECORDS | 23-Apr-01 | 10MIN | |
| BLOCK OF INSTRUCTION SPECIAL NEEDS INMATES | 27-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION SECURITY SUPERVISION OF HOLDING CELLS | 28-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION TELEPHONE USAGE | 29-Apr-01 | 10 MIN | |
| BLOCK OF INSTRUCTION INMATE UNIFORM & HYGIENE ISSUANCE | 2-May-01 | 10 MIN | |
| BLOCK OF INSTRUCTION FORCED CELL MOVES | 3-May-01 | 10 MIN | |
| HANDCUFFING PROCEDURES | 9-Aug-01 | 1 HRS | |
| SERIOUS OR UNUSUAL INCIDENT REPORTING | 2/1/03 | 15 MIN | |

LAST UPDATED 2/7/06

# HARRISON COUNTY SHERIFF DEPARTMENT TRAINING RECORD

NAME: _____

DATE HIRED: _____

BADGE #: _____

CONTINUATION SHEET

| CLASS/CERTIFICATION | DATE | TRAINING HOURS | REMARKS |
|---|---|---|---|
| 30 HRS COURSE | 1-Sep-03 | 80 HRS | |
| GANGS | 22-Jan-04 | 15 MIN | |
| PPCT | 18-Mar-04 | 3 HOURS | |
| EVIDENCE | 3-Aug-04 | 2HRS | |
| EVIDENCE | 8-Sep-04 | 15 MIN | |
| FLAMMABLE TOXIC, CAUSTIC MATERIALS | 9-Sep-04 | 15 MIN | |
| POST COMPLETION: VISITATION ROVER | 18-Sep-04 | 16 HRS | |
| POST COMPLETION: PERIMETER OFFICER | 18-Sep-04 | 16 HRS | |
| RIOTS AND DISTURBANCES | 23-Sep-04 | 15 MIN | |
| HOSTAGE | 10-Sep-04 | 15 MIN | |
| POLICY AND PROCEDURE DIRECTIVE: CUSTODY DIRECTIVE | 7-Dec-04 | 15 MIN | |
| REPLACEMENT OF INMATE ID BANDS | 16-Dec-04 | 15 MIN | |
| HEALTH CARE SERVICES | 20-Dec-04 | 15 MIN | |
| MAIL, TELEPHONE, AND VISITING | 21-Dec-04 | 15 MIN | |
| SUICIDE CRISIS INTERVENTION | 23-Dec-04 | 15 MIN | |
| CALLING IN SICK | 27-Dec-04 | 15 MIN | |
| ANNUAL, MILITARY, AND TRAINING LEAVE REQUEST | 28-Dec-04 | 15 MIN | |
| CODE OF ETHICS | 29-Dec-04 | 15 MIN | |
| HEALTH CARE SERVICE | 3-Jan-05 | 15 MIN | |
| 4/19/05 MEMO: EXTENDED RECREATION TIME | 20-Apr-05 | 15 MIN | |
| TAZER X26 CERTIFICATION | 27-Apr-05 | 8 HRS | EXPIRES IN 1 YEAR |
| LIBRARY SERVICES: INMATE ASSISTANTS | 29-Apr-05 | 15 MIN | |
| EMERGENCY & SECURITY PROCEDURES | 28-Jun-05 | 4 HRS | |



Certificate No.

D-01430

STATE OF

MISSISSIPPI

Board on Jail Officer Standards and Training

Hereby awards this

*Professional Certificate*

TO

RYAN MICHAEL TEEL

-9890

This 1st day of September, 2003

As being qualified to be a Mississippi Detention Officer under
Provisions of Chapter 482, General Laws of Mississippi, 1999.

Director
Board on Jail Officer
Standards and Training

Chairman
Board on Jail Officer
Standards and Training

# HARRISON COUNTY SHERIFF'S DEPARTMENT

*This Is To Certify That*

RYAN MICHAEL TEEL

HAS COMPLETED _____ HOURS

OF INSTRUCTION IN: PRE-SERVICE TRAINING CLASS 99-10

CONDUCTED BY
THE HARRISON COUNTY SHERIFF'S DEPARTMENT

IN 1999 ON THIS 10TH DAY OF SEPTEMBER
   YEAR              DATE              MONTH

JOE PRICE
SHERIFF

INSTRUCTOR                    ACADEMY DIRECTOR

LAST UPDATED 10/11/06

# HARRISON COUNTY SHERIFF DEPARTMENT TRAINING RECORD

**NAME:** NECAISE, JERRED

**DATE HIRED:** JULY 16, 2001

**BADGE #:** 221

| CLASS/CERTIFICATION | DATE | TRAINING HOURS |
|---|---|---|
| O.C. SPRAY CERTIFICATION | 18-Jul-01 | UNK |
| PRE-SERVICE CORRECTIONAL OFFICER COURSE | 19-Jul-01 | 40 HRS |
| HANDCUFFING PROCEDURES | 10-Aug-01 | 1 HRS |
| IN-SERVICE TRAINING CORRECTIONS EMERGENCY POLICY | 3-May-02 | 1.5 HRS |
| ACA PROGRAM AUDIT | 9-May-02 | 15 MIN |
| IN-SERVICE TRAINING STRESS MANAGEMENT | 30-May-02 | 1 HRS |
| OLEORESIN CAPSICUM "OC" SPRAY CERTIFICATION | 21-Jun-02 | 3 HRS |
| DEFENSIVE TACTICS | 19-Jun-02 | UNK |
| BASIC CORRECTIONAL OFFICER'S TRAINING | 21-Jun-02 | 80 HRS |
| MECHANICAL ADVANTAGE CONTROL HOLD 1 M.A.C.H. 1 | 25-Jun-02 | 10 MIN |
| MECHANICAL ADVANTAGE CONTROL HOLD 3 M.A.C.H. 3 | 2-Jul-02 | 10 MIN |
| CONTROL FORCE | 23-Jul-02 | 2 HRS |
| C.E.R.T. BASIC TRU OUT | 1-Aug-02 | 5 HRS |
| BASIC CORRECTIONAL OFFICER'S TRAINING | 6/21/03 | |
| 80 HR COURSE | 9/1/03 | |
| PPCT | 3/18/04 | 4HOURS |
| SEXUAL HARASSMENT | 5/13/04 | 3 HOURS |
| PRE TRIAL RELEASE FORMS | 8/21/04 | 15 MIN |
| EVIDENCE | 9/8/04 | 15 MIN |
| CRIME SCENE | 9/11/04 | 15 MIN |
| SECURITY SUPERVISION | 9/22/04 | 15 MIN |
| RIOTS AND DISTURBANCES | 9/23/04 | 15 MIN |
| CHAIN OF COMMAND | 30-Nov-04 | 15 MIN |
| UNIFORM AND PERSONAL APPEARANCE | 3-Dec-04 | 15 MIN |
| AFFIRMATIVE ACTION PLAN | 7-Dec-04 | 15 MIN |
| SEXUAL HARASSMENT | 8-Dec-04 | 15 MIN |
| DENTAL SERVICES | 12/10/04 | 15 MIN |
| CENTRAL CONTROL | 17-Dec-04 | 15 MIN |

1 OF 1



Certificate No.

D-01390

# STATE OF MISSISSIPPI

Board on Jail Officer Standards and Training

Hereby awards this

*Professional Certificate*

TO

## JERRED M. NECAISE
-5218

This 1ˢᵗ day of September, 2003

As being qualified to be a Mississippi Detention Officer under
Provisions of Chapter 482, General Laws of Mississippi, 1999.

Director
Board on Jail Officer
Standards and Training

Chairman
Board on Jail Officer
Standards and Training



# Harrison County Sheriff's Department
## Correctional Division

This is to certify that

*JERRED NECAISE*

*Has successfully completed*

## Pre-Service Correctional Officer Course

(40 HOURS)

This the 19th day of July, 2001

*Major Dianne Gaston-Riley*
*Director of Corrections*

© 1996 GOES 34625
All Rights Reserved

LITHO IN U.S.A.



# Harrison County Sheriff's Department

## Law Enforcement Training Academy

This Certifies That

### James A. Harrier, Jr.

has successfully completed a 80-hour course of instruction in

### Basic Jail/Correctional Officer Academy

conducted by the Harrison County Sheriff's Department
University of Southern Mississippi - Gulf Coast Law Enforcement Training Academy

November 1, 1996

_Academy Director_

_Sheriff, Harrison County, Mississippi_



STATE OF MISSISSIPPI

Board on Jail Officer Standards and Training

Hereby awards this

*Professional Certificate*

TO

JAMES HARRIER
-8284-

This 20th day of September, 2001

As being qualified to be a Mississippi Detention Officer under Provisions of Chapter 482, General Laws of Mississippi, 1999.

Certificate No. D-00487

Director
Board on Jail Officer
Standards and Training

Chairman
Board on Jail Officer
Standards and Training

# HARRISON COUNTY SHERIFF DEPARTMENT TRAINING RECORD

**NAME:** MOORE, TIMOTHY BRANDON

**DATE HIRED:**

**BADGE #: 186**

**DIVISION:** CORRECTIONS

| CLASS/CERTIFICATION | DATE | TRAINING HOURS | REMARKS |
|---|---|---|---|
| 40- HOUR PRE-SERVICE | | | |
| FIRST AID/CPR | | | |
| OC SPRAY | | | |
| EMERGENCY HURRICANE PROCEDURES | | | |
| HOSTAGE SITUATIONS | 29-Mar-03 | 15 MIN | |
| NEW KEY INVENTORY LOG /EXEMPTION FROM HEADCOUNT | 3-Jul-03 | 15 MIN | |
| BD USE OF RESTRAINTS | 4-Apr-03 | 15 MIN | |
| NATURAL DISASTER PLAN | 26-Mar-03 | 15 MIN | |
| EMERGENY KEYS BOXES IN CENTRAL ROOM | 29-Jul-03 | 15 MIN | |
| HUNGER STRIKE | 3/22/03 | 15 MIN | |
| EMERGENCY KEYS | 3/5/03 | 15 MIN | |
| EVACUATIN PLAN | 3/14/03 | 15 MIN | |
| ESCAPE | 3/12/03 | 15 MIN | |
| FIRE AND EVACUATION | 3/14/03 | 15 MIN | |
| EMPLOYEES AND INMATE CULTURE | | | |
| 80 HOUR CLASSES | 2/20/04 | 80 HOURS | |
| FIRST AID/CPR | 2/11/04 | | |
| DEFENSIVE TACTICS | 2/20/04 | | |
| O.C. SPRAY | 2/20/04 | | |
| AFFIRMATIVE ACTION PLAN | 3/15/04 | 15 MIN | |
| POST ORDER CORRECTIONAL OFFICER | 3/10/04 | 15 MIN | |
| STAFFING REQUIREMENT | 3/14/04 | 15 MIN | |
| FIRST AID/CPR | 4/15/04 | 4 HOURS | |
| SEXUAL HARASSMENT | 5/13/04 | 3 HOURS | |
| KEY CONTROL | 6/25/04 | 15 MIN | |
| TOXIC AND CAUSTIC MATERIALS | 7/6/04 | 15 MIN | |
| FEMALE INMATES | 7/4/04 | 15 MIN | |
| DISCIPLINARY | 7/4/04 | 15 MIN | |
| ASSAULT FROM THE OUTSIDE | 7/18/04 | 15 MIN | |
| CRIME SCENE | 7/19/04 | 15 MIN | |

LAST UPDATED 10/28/05

1 OF 3

# HARRISON COUNTY SHERIFF DEPARTMENT TRAINING RECORD

NAME: _____

DATE HIRED: _____

BADGE #: _____

CONTINUATION SHEET

| CLASS/CERTIFICATION | DATE | TRAINING HOURS | REMARKS |
|---|---|---|---|
| CASH BOND | 7/9/04 | 15 MIN | |
| RIOTS AND DISTURBANCES | 7/12/04 | 15 MIN | |
| FORWARDING OF CUSTODIES | 7/9/04 | 15 MIN | |
| FORCED MOVES | 7/1/04 | 15 MIN | |
| INMATE DEATH | 7/11/04 | 15 MIN | |
| SUICIDE WATCH | 7/13/04 | 15 MIN | |
| BOMB TREAT | 7/20/04 | 15 MIN | |
| EVACUATION PLAN | 7/27/04 | 15 MIN | |
| ESCAPE | 7/25/04 | 15 MIN | |
| FRONT DESK | 7/23/04 | 15 MIN | |
| EMERGENCY HURRICANE | 7/25/04 | 15 MIN | |
| TAKING PHOTOS | 7/23/04 | 15 MIN | |
| INMATE TRANSFER/ RELEASE FORMS | 7/23/04 | 15 MIN | |
| SEARCHING OF INMATES | 7/23/04 | 15 MIN | |
| RIOTS AND DISTURBANCES | 8/10/04 | 15 MIN | |
| INMATE DEATHS | 8/9/04 | 15 MIN | |
| GENERAL ORDERS 62, 6 | 8/9/04 | 15 MIN | |
| NATURAL DISASTER | 8/8/04 | 15 MIN | |
| ACCOUNTABILITY OF FOOD TRAYS | 8/7/04 | 15 MIN | |
| MONTHLY STATISTICAL REPORT | 8/24/04 | 15 MIN | |
| POST ORDERS PURPOSE AND MISSION | 8/22/04 | 15 MIN | |
| SECURITY PROMOTIONS | 8/23/04 | 15 MIN | |
| POST ORDERS | 8/12/04 | 15 MIN | |
| EMERGENCY HURRICANE | 8/13/04 | 15 MIN | |
| COUNTS | 8/22/04 | 15 MIN | |
| PERSONAL PROPERTY | 8/30/04 | 15 MIN | |
| UNIFORM AND PERSONAL APPEARANCE | 8/21/04 | 15 MIN | |
| POST ORDERS | 8/27/04 | 15 MIN | |
| CODE OF ETHICS | 9/28/04 | 15 MIN | |
| DISABLE INMATES | 9/29/04 | 15 MIN | |

# SOUTHERN REGIONAL PUBLIC SAFETY INSTITUTE

Harrison County Sheriff's Department
The University of Southern Mississippi-Gulf Coast

This is to certify that

*Timothy B. Moore*

has successfully completed the

## BASIC CORRECTIONAL OFFICER'S TRAINING COURSE

(80 HOURS)

This the 20th day of February, 2004

*Instructor*
Shawn Ladd, Corporal HCSD

Julian Allen, Ph.D., Major, HCSD
Director, SRPSI



# Harrison County Sheriff's Department
## Correctional Division

This is to certify that

*Timothy Brandon Moore*

*Has succesfully completed*

# CORRECTIONAL OFFICER TRAINING COURSE

(40 Hour)

This the 27th day of February, 2003

Capt. Robert H. Lacy, Instructor

Dianne Gatson-Riley, Director of Corrections

*Harrison County Adult Detention Center*
*Policy and Procedures Directives*

## INMATE GRIEVANCE

**Policy:**     It is the policy of the Harrison County Adult Detention Center to provide to the inmates housed in its facilities an internal grievance mechanism for the resolution of complaints arising from institutional matters. The intent is to reduce the need for litigation and afford the staff an opportunity to improve jail operations.

**Procedure:**

### I.     General Information

The Warden will designate a Corrections Officer to fulfill the duties of the Grievance Officer who will be responsible for coordinating investigations and responding to all grievances.

All employees who receive a grievance must respond in the manner prescribed by policy.

The grievance should state clearly the time, date, and names of all parties involved with all pertinent details of the incident or complaint.

Should a grievance make accusation of questionable acts or impropriety on the part of a Corrections Staff Member, the grievance will be forwarded to the Warden. A written response to the inmate will be made within ten days of receipt of the grievance.

### II.     Filing

An inmate may file a grievance at any time to bring a problem to the attention of the staff or to appeal a specific action. An inmate may file only for him/herself, although an inmate may assist another inmate in filing. Only one grievance may be filled out at a time on any one single incident or item of concern. An inmate may withdraw a grievance at any time. No staff member will retaliate against an inmate for filing or withdrawing a grievance.

### III.     Basis for Grievances

A grievance may be filed for any one of the following reasons:
1. Lost property
2. Staff conduct
3. Conditions/confinement
4. Policy/procedures
5. Incidents
6. Reprisals
7. Mail

Only issues regarding activities within the facility can be addressed in the grievance procedure. Disciplinary actions have an appeal process and are not addressed in the grievance procedure. Issues relating to the courts,

**EXHIBIT**

"D-12"

attorneys, and other issues over which the Harrison County Adult Detention Center has no control cannot be addressed in the grievance procedure. A grievance filed concerning any of these issues will be returned to the inmate with an explanation as to why it was returned.

**IV.**   **Review**

If an inmate registers a complaint against a staff member, that employee shall not play a part in making a decision on the request. However, this shall not prevent the employee from being questioned or providing a narrative concerning the incident.

**V.**   **Grievance Classification**

A grievance will be classified as either an informal, standard, or emergency grievance.

Informal Grievance – may be resolved by staff at any level without the complete processing of a formal grievance.

Standard Grievance – may be processed through normal channels because there is not an immediate threat to the welfare or safety of an inmate.

Emergency Grievance – must be processed expeditiously because there appears to be an immediate threat to the welfare of an inmate.

**VI.**   **Informal Grievance**

An inmate may verbally submit a grievance to any Corrections Officer. When presented with an informal grievance, the Corrections Officer will advise the Watch Commander and may initiate corrective action, if the action is within the normal scope of the officer's duties. The Watch Commander will attempt to resolve the matter or have the inmate initiate a standard grievance at their discretion.

**VII.**   **Standard Grievance**

An inmate may file a formal grievance within 30 days after a potential grievable event has occurred. The inmate must submit a detailed description of the occurrence in written form using the prescribed Grievance Form. All grievances will be forwarded to the Grievance officer by way of the request cart. Newly initiated grievances sent to the Warden will be given to the Grievance Officer for Step 1 response. Once Step 1 response has been completed the Grievance Officer will return the response in written form to the inmate. If the inmate is not satisfied with the Step 1 response, he/she may send a request to the Grievance Officer for a Step 2 response from the Warden.

**VIII.**   **Emergency Grievance**

Once an emergency grievance has been submitted, the officer will immediately contact the Grievance Officer, or in his/her absence, the Watch Commander. The Watch Commander and/or Grievance Officer will be responsible for determining whether the situation is in deed life threatening. In the event the situation appears to be life threatening the Watch

Commander will contact the Warden and corrective measures will be taken at that time.

## IX.  Grievance Officer
The Grievance Officer will process and investigate all grievances.  The Grievance Officer will coordinate all steps of the process.  A monthly report of grievances addressed will be submitted to the Warden.

## X.  Records
Once the grievance process has been completed a complete copy (hard and electronic) of all documents will be maintained by the Grievance Officer, and a copy placed in the inmate's record.


_____
Warden

_____
Effective Date